UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE RAY, | ) 1:11-cv—01164-SKO-HC |
| Petitioner, | ) ORDER TRANSFERRING CASE TO THE |
| | ) UNITED STATES DISTRICT COURT FOR |
| | ) THE CENTRAL DISTRICT OF |
| v. | ) CALIFORNIA |
| UNKNOWN, | ) |
| Respondent. | ) |

  Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on July 27, 2011 (doc. 9). Pending before the Court is the petition and Petitioner's response to the Court's order to show cause why the petition should not be dismissed, which issued on July 21, 2011.

///

1

In the petition, Petitioner challenges his sentence as excessive and seeks modification of the sentence and release. However, Petitioner did not indicate where he suffered his conviction. In response to the Court's order to show cause, Petitioner informed the Court and provided supporting documentation that establishes Petitioner was sentenced in the Superior Court of the State of California for the County of Los Angeles. (Doc. 11, 6:10-12, 12-13.)

Title 28 U.S.C. § 2241(d) provides as follows which respect to  venue, jurisdiction and transfer in a habeas proceeding pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction or sentence preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  A court should further consider traditional considerations of venue, such as the convenience of parties and witnesses and the

interests of justice. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

Title 28 U.S.C. § 1406(a) provides that a district court of a district in which a case is filed laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In view of the nature of the claim or claims in the petition, it is concluded that it is in the interest of justice to transfer the petition to the district of conviction.

Accordingly, it is ORDERED that the petition be transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

**Dated:    November 18, 2011**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE